IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LLOYD T. SCHUENKE,

OPINION and ORDER

Petitioner,

14-cv-276-jdp[1]

v.

JUDY P. SMITH,

Respondent.

---

Petitioner Lloyd T. Schuenke is in custody of the Wisconsin Department of Corrections at the Oshkosh Correctional Institution. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254[2] to challenge three state court convictions—a 1991 sexual assault conviction, a 2007 conviction for violation of sex offender registration requirements that depends on the validity of the 1991 conviction, and a 2008 conviction for battery with a habitual criminal enhancer that depends in part on the 2007 conviction. Petitioner contends that because he is innocent of the 1991 offense, all three of the convictions are invalid.

Petitioner has paid the filing fee and this case is now before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After considering the petition, subsequent documents filed by petitioner, and the state court records at issue, I will dismiss the petition.

---

[1] This case was reassigned to me pursuant to a May 16, 2014 administrative order. Dkt. 6.

[2] Plaintiff alternatively seeks a "writ of error coram nobis," which "provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief," *Chaidez v. United States*, 133 S. Ct. 1103, 1106 n.1 (2013). However, this court cannot grant petitioner coram nobis relief because the proper forum for seeking such relief is the court in which the judgment of conviction was entered, in this case, the Milwaukee County Circuit Court. *See United States v. Denedo*, 556 U.S. 904, 912–913 (2009).

The following facts are drawn from the petition and state court records.

FACTS

Petitioner Lloyd T. Schuenke is confined at the Oshkosh Correctional Institution. In 1991, petitioner, who had been civilly committed to the Milwaukee County Mental Health Complex, was convicted of two counts of third-degree sexual assault for engaging in sexual intercourse with another person who was civilly committed. Petitioner was sentenced to consecutive five-year terms of imprisonment. His sentence was completed on December 1, 2000. In 2007, petitioner pleaded no contest to a count of failure to comply with sex offender registration requirements. In 2008, petitioner pleaded no contest to a count of battery with use of a dangerous weapon and habitual criminal modifiers and a count of substantial battery with a habitual criminal modifier. Petitioner's 2007 conviction was the predicate offense for the habitual criminal modifier on the 2008 offenses.

In January 2013, petitioner filed postconviction motions in each of the three criminal cases discussed above, claiming "actual and legal innocence"; he argued that his purported sexual assault victim had consented to intercourse, and because he was innocent of the 1991 charges, he could not be subjected to sex offender registration requirements in 2007 or the habitual criminal modifier in 2008. The Milwaukee County Circuit Court denied petitioner's motions, stating that the challenge to the 1991 conviction was barred because petitioner could have raised it in an earlier postconviction motion or on direct appeal, and because petitioner's sentence in that case had already expired. Because petitioner could not challenge the validity of the 1991 conviction, his arguments regarding the 2007 and 2008 convictions failed as well. On appeal, the Wisconsin Court of Appeals affirmed the circuit court, stating

that petitioner could not challenge his 1991 conviction because that sentence had expired, and therefore plaintiff's arguments regarding the 2007 and 2008 convictions were meritless. While petitioner's petition for review with the Wisconsin Supreme Court was pending, he filed this habeas action.[3] On June 12, 2014, the Wisconsin Supreme Court denied the petition for review.

OPINION

Although the petition is somewhat difficult to follow, I understand petitioner to be challenging his 1991, 2007, and 2008 convictions, arguing that because he is innocent of the 1991 sexual assault charges, his 2007 conviction for violating terms of his sex offender registration is invalid, as is the habitual criminal enhancer on his 2008 battery convictions.

As an initial matter, I note that petitioner has filed his petition in the wrong court. Under 28 U.S.C. § 2241(d), a petitioner who is in custody under the judgment and sentence of a state court in a state like Wisconsin containing two or more federal judicial districts may file his petition either in the federal district court for the district where he is in custody or in the federal district court for the district containing the state court that convicted and sentenced him. Both the Oshkosh Correctional Institution, located in Winnebago County, and the Circuit Court for Milwaukee County are located in the Eastern District of Wisconsin. Therefore, under § 2241(d), the proper venue for this action is the Eastern District of Wisconsin.

---

[3] Unlike a civil lawsuit filed under 42 U.S.C. § 1983, I may consider petitioner's habeas action despite his failure to exhaust his state remedies *before* he filed the habeas action in this court.

These circumstances would usually lead me to transfer this case to the Eastern District. However, because I conclude that the petition has no merit, I will dismiss the petition outright instead of transferring it.[4]

As discussed by the state courts, petitioner may no longer challenge the validity of his 1991 conviction. Petitioner has fully served his sentence on the sexual assault charges, and the Supreme Court has held that a petitioner is not "in custody" for purposes of federal habeas corpus review once the challenged sentence has fully expired. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Nor may a prisoner challenge a current sentence on the ground that it was enhanced based on a previous sentence that has expired. *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 396-97 (2001).[5] Because petitioner can no longer challenge his 1991 sexual assault conviction, petitioner's claims regarding his 2007 and 2008 convictions, which depend on his innocence of the 1991 sexual assault charges, fail as well. Therefore his petition must be dismissed.

Petitioner raises several other issues both in his petition and subsequently-filed documents. First, in his petition, petitioner seeks an order authorizing him to "use whatever nonlethal and/or lethal physical force necessary against any and all convicts . . . or correctional staff members who [he] believes pose[] an imminent serious/significant danger or

---

[4] Despite the venue concerns, this court retains subject matter jurisdiction over the petition. *Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004). Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss any petition for habeas corpus that does not show that the petitioner may be entitled to relief.

[5] The only explicit exception to this rule is where a defendant's right to counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963) is violated in the original criminal case. *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 404 (2001). The *Lackawanna* court also noted without deciding that there might be an exception where the "defendant [cannot] be faulted for failing to obtain timely review of a constitutional claim," *id*. at 405. However, there is nothing in the petition suggesting that either of these issues apply to this case.

threat to [him]" and asks the court to forward his petition to law enforcement authorities. These requests do not belong in a habeas petition. Petitioner remains free to raise his concerns with prison staff, contact law enforcement authorities himself, or file a civil action about these dangers.

Petitioner has filed a document asking the court to declare unconstitutional 28 U.S.C. §§ 1915(g) and 2244 and Wis. Stat. § 940.225(4), which I understand to be an attempt to supplement his petition to further explains his grounds for habeas relief. The federal statues plaintiff cites do not relate to the issues dispositive to this action, so I will ignore plaintiff's arguments about them. Wis. Stat. § 940.225(4) is the subsection of the sexual assault statue labeled "Consent," and I understand plaintiff to be arguing that the state should not be able to criminalize what he believes to be consensual sexual activity between civilly committed persons. However, as stated above, petitioner cannot challenge his 1991 sexual assault conviction in this habeas proceeding so I need not consider his argument further.

Finally, petitioner has filed a document titled "motion to incorporate" in which he asks for the court to consider an appeal of his 2008 convictions concerning the proper sentence credit for those convictions. Dkt. 13. Because I am dismissing the petition for reasons unrelated to this appeal I will deny the "motion to incorporate" as moot.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when denying a petition. To obtain a certificate of appealability, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because this case is not a close one for the reasons discussed above, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1.    Lloyd T. Schuenke's petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 1, is DISMISSED.

2.    Petitioner's "motion to incorporate," Dkt. 13, is DENIED as moot.

3.    Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the Court of Appeals for the Seventh Circuit under Fed. R. App. P. 22.

Entered this 26th day of August, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge