IN THE UNITED STATE DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LLOYD T. SCHUENKE | NOTICE OF APPEAL |
| | CERTIFICATE OF APPEALABILITY |
| Petitioner Appellant | |
| V.S. | Case No: 2014-CV-276 |
| JUDY P. SMITH | |
| Defendant - Respondent | |

## NOTICE

Notice is hereby given that the Petitioner - Appellant Lloyd T. Schuenke, pro se certified paralegal in the above named case hereby appeals in forma pauperis status a certified copy of the Petitioner - Appellant Lloyd T. Schuenke, trust account for the past six (6) months is attached, to the United States Court of Appeals for the Seventh Circuit from both an order dismissing a petition for Writ of Error Coram Nobis, petition for a Writ of Habeas Corpus, and judgment in a civil case entered in this action on the 26th day of August, 2014 Pursuant to Fed.R.APP.P. 3, 22, and Title 28 U.S.C. 2253 (C), (1), (A), (B), (2), (3).

## ISSUE ON APPEAL

Does the Petitioner - Appellant Lloyd T. Schuenke, petition for a writ of error Coram Nobis, petition for a Writ of Habeas Corpus, have merit?

## CONTROVERSY

Paragraph # 1 and 4, on page # 4, of the August 26, 2014, Decision And Order issued by the United States District Court for the Western District of Wisconsin are controverted by the In Re Winship, 397 U.S. 358 (1970), Mack V.S. State, 93 Wis. 2d 287, 572 N.W. 2d 496 (1980), and State V.S. Smith, 215 Wis. 2d. 84, 572 N.W. 2d. 496 (App 1997), Decisions, and Section 939.03 WIS. STAT. Section 939.61 (1),(2),(3), WIS. STAT. Section 939.70 WIS. STAT. Section 939.73 WIS. STAT.

## CONSTITUTIONAL ARGUMENT

In November of 1990, Petitioner - Appellant Lloyd T. Schuenke, was legally pronounced mentally ill and a danger to himself and other and was civilly committed to the Milwaukee County Mental Health Complex by a Dane County Circuit Court. (See P. # 9, Par. 18, of Petition)

In November of 1990, Petitioner - Appellant Lloyd T. Schuenke, a mentally ill citizen/patient freely engaged in two (2) acts of consensual sexual intercourse with another female mentally ill committed citizen/ patient at the Milwaukee County Mental Health Complex. (See P.# 09, Par # 19, of petition), (Schuenke V.S. Smith, 2014 U.S. Dist. Lexis 118645 (2014))

The Petitioner - Appellant Lloyd T. Schuenke, was interrogated, searched, his room was searched and personal body and property items were taken.

In November of 1990, Petitioner - Appellant Lloyd T. Schuenke, was arrested and criminally charged with two (2) counts of second degree sexual assault contrary to section 940.225 (2),(c), (1989-1990) WIS. STAT. (See P. # 09, Par # 20, of petition, State V.S. Schuenke, Trial Case Number 1990-CF-904165 (1990))

In November of 1990, Petitioner - Appellant Lloyd T. Schuenke, was court ordered committed to Mendota Mental Health Institute for a competency evaluation in order to determine if the Petitioner - Appellant Lloyd T. Schuenke, was competent to stand trial. (See P. # 9, Par # 21, of petition)

In December of 1990, Petitioner - Appellant Lloyd T. Schuenke, was returned back to the Milwaukee County Jail for a competency hearing which never took place. (See P. # 9, Par # 22, of petition)

In January of 1991, the charges of two (2) counts of second degree sexual assault were dismissed. ( See P. # 9, Par # 20, 23, of petition)

2

In January of 1991, Petitioner - Appellant Lloyd T. Schuenke, was charged with two (2) counts of third (3rd) degree sexual assault contrary to section 940.225 (3), (1989-1990) WIS. STAT. (See P. # 9, Par # 24, of petition)

Section 940.225 (3) (1989-1990) WIS. STAT. reads: "Whoever has sexual intercourse with a person without the consent of that person is guilty of a class D felony." (P. # 9, Par # 24 FN 5, State V.S. Schuenke, 2014 WI App 38, 2014 Wisc. App. LEXIS 161 P. # 1-2, FN 1 (Unpublished))

The criminal complaint alleged that the Petitioner - Appellant Lloyd T. Schuenke, had both fellatio and genitalia sexual relations without the alleged perpetrated victims consent. The complaint contained within it a statement made by a doctor, it contained a statement within it about the Petitioner - Appellant Lloyd T. Schuenke, being competent to stand trial.(See P. # 9-10, Par # 25,26,27, of petition)

On January 23, 1991, a speedy trial demand was made on the Petitioner - Appellant Lloyd T. Schuenke, behalf. (See P. # 10, Par # 29, of petition)

During pretrial proceedings the Petitioner - Appellant Lloyd T. Schuenke, made motions for discovery, challenging the constitutionality of section 940.225 (4),(b), (1989-1990) WIS. STAT., motion in limine, which were all denied at some point during the proceeding. (See P. # 10, Par # 29,30,31, and 32, of petition)

After several more pretrial hearings the case of State V.S. Schuenke, Trial Case Number 1991-CF-910151 (1991), was scheduled for trial. (See P. # 10, Par # 33, of petition)

A trial in the above referenced case was held from July 29, 1991, to August 1, 1991. (See P. # 10, Par # 34, of petition)

At the beginning of the trial the Petitioner - Appellant Lloyd T. Schuenke, argued the issue of being denied the constitutional right to confront the alleged perpetrated victim in the situation because the State of Wisconsin decided against the alleged perpetrated victim being called as a witness on their behalf. That motion was denied. (See P. # 10, Par # 35, of petition)

During the trial the trial judge admitted right on the record that the Petitioner - Appellant Lloyd T. Schuenke, in fact did have consent to have fellatio and genitalia sexual relations with the alleged perpetrated victim in this situation. (See P. # 11, Par # 38, of petition)

At the end of the trial the trial judge gave and used Wisconsin State Criminal Jury Instruction 1200b, and Wisconsin State Criminal Jury Instruction 1200c which are designated to be used for section 940.225 (4), (b), (1989-1990), WIS. STAT.(See P. # 11, Par # 39, of petition), (State V.S. Smith, 215 Wis. 2d. 84, 572 N.W. 2d. 496 (App. 1997).))

The jury should have been given Wisconsin State Criminal Jury Instruction 1218 which is desigened to be used for section 940.225 (3) (1989-1990), WIS. STAT. (See P. # 11, Par # 39, of petition)

The jury found the Petitioner - Appellant Lloyd T. Schuenke, guilty of the charges of two (2) counts of third (3rd) degree sexual assault. (See P. # 11, Par # 40, of petition)

The Petitioner - Appellant Lloyd T. Schuenke, pursued an appeal and the appeal was upheld on April 6, 1993. (See P. # 11, Par # 43, of petition)

Over the duration of the Petitioner - Appellant Lloyd T. Schuenke, sentence the Petitioner - Appellant Lloyd T. Schuenke, filed several post conviction motions and requests for different documents and transcripts which were/are in the files to absolutely no avail. (See P. # 11, Par # 44, of petition)

On December 1, 2000, Petitioner - Appellant Lloyd T. Schuenke, satisfied both sentences. (See P. # 11, Par # 45, of petition),( State V.S. Schuenke, Trial Case Number 1991-CF-910151 (1991))

In December of 2007, Petitioner - Appellant Lloyd T. Schuenke, was arrested and charged with one (1) count of failing to register as a sex offender.(See P. # 12, Par # 46, of petition) (State V.S. Schuenke, Trial Case Number 2007-CF-6172 (2007))

The complaint was charged solely based on the Petitioner - Appellant Lloyd T. Schuenke, alleged conviction for two (2) counts of third (3rd) degree sexual assault. (See P. # 12, Par # 47, of petition)

On April 2, 2008, Petitioner - Appellant Lloyd T. Schuenke, entered a no contest plea to the sex offender registry violation charge. (See P. # 12, Par # 48, of petition)

On May 21, 2008, Petitioner - Appellant Lloyd T. Schuenke, was sentenced to two (2) years stayed imprisonment/extended supervision and was given a two (2) year probation sentence in this case. (See P. # 12, Par # 49, of petition)

In September of 2008, Petitioner - Appellant Lloyd T. Schuenke, was charged with one (1) count of battery, one (1) count of substantial Battery, one (1) count of intimidation of victim, all of these charges carried the while armed penalty enhancer, all of these charges carried the habitual criminality penalty enhancer.(See P. # 12, Par # 50, of petition),(State V.S. Schuenke, Trial Case Number 2008-CF-4503 (2008))

On April 1, 2009, Petitioner - Appellant Lloyd T. Schuenke, entered a plea of no contest to both the battery and substantial battery charges, the intimidation of victim charge was dismissed. (See P. # 12, Par # 52, of petition)

4

On May 29, 2009, Petitioner - Appellant Lloyd T. Schuenke, was sentenced to nine (9) Years in prison, three (3) years three (3) months on extended supervision. (See P. # 12, Par # 53, of petition)

Petitioner - Appellant Lloyd T. Schuenke, pursued an appeal to the Wisconsin State Court of Appeals. (See P. # 12, Par # 55, of petition)

On January 10, 2011, the Wisconsin State Court of Appeals issued an opinion ruling in the Petitioner - Appellant Lloyd T. Schuenke, behalf. (See P. # 12, Par # 55, of petition)

On January 28, 2013, Petitioner - Appellant Lloyd T. Schuenke, simultaneously filed post conviction motions claiming both actual and legal innocence. (See P. # 12, Par # 57, of petition)

On February 6, 2013, the Circuit Court of Milwaukee County issued a decision and order denying all three (3) post conviction motions. (See P. # 12, Par # 58, of petition)

On February 21, 2013, Petitioner - Appellant Lloyd T. Schuenke, filed notice of appeals in all three (3) Milwaukee County Circuit Court Cases in order to give the Wisconsin State Court of Appeals jurisdiction. (See P. # 13, Par # 59, of petition)

In the next year + the Petitioner - Appellant Lloyd T. Schuenke, went through the Wisconsin State appellate process with no success. (See P. # 13-17, Par # 60-109, of petition)

This is where the State of Wisconsin, Milwaukee County Circuit Court, State of Wisconsin Court of Appeals, State of Wisconsin Supreme Court, United States District Court for the Western District of Wisconsin, and the Petitioner- Appellant Lloyd T. Schuenke, are having their conflict of interest, failure to communicate and dysfunction at.

It is the State of Wisconsin, Milwaukee County Circuit Court, State of Wisconsin Court of Appeals, State of Wisconsin Supreme Court, and United States District Court for the Western District of Wisconsin, position that because the Petitioner - Appellant Lloyd T. Schuenke, has already served the sentences in the Stste V.S. Schuenke, Trial Case Number 1991-CF-910151 (1991), And State V.S. Schuenke, Trial Case Number 2007-CF-6172 (2007), cases and is no longer in custody they lack the necessary jurisdiction to hear any challenges to these convictions. State V.S. Bell, 122 Wis. 2d 427, 362 N.W. 2d. 443 (Ct. App. 1984), Maleng V.S. Cook, 490 U.S. 488 (1989), Lackawanna County District Attorney V.S. Coss, 532 U.S. 394 (2001).

5

The Petitioner - Appellant Lloyd T. Schuenke, respectfully acknowledges and concedes that this would be the correct and true analogy of the situation if the convictions were lawfully obtained in the correct way. However that is by far not the case here.

It is on the other hand the Petitioner - Appellant Lloyd T. Schuenke, position that when a State through it's official's can walk up into any mental health institution interrogate a mentally ill committed citizen/patient without giving him his Miranda right's, Search the living quarters of a mentally ill committed citizen/patient without a warrant, Confiscate both bodily and personal property article's of a mentally ill committed citizen/patient without a warrant, Refuse to give a mentally ill committed citizen/patient a receipt for the property confiscated as a result of the illegal search, Arrest a mentally ill committed citizen/patient without a valid arrest warrant when no crime has/was committed, Deliberately, Intentionally, Knowingly, Maliciously, and sadistically criminally charge a mentally ill committed citizen/patient with committing a crime when no such crime has/was ever committed, Deliberately, Intentionally, Knowingly, Maliciously, and sadistically violating just about every federal and state constitutional right guaranteed to a criminal Defendant as asserted above, Deliberately, Intentionally, Knowingly, Maliciously, and sadistically violating just about every federal and state statutory right guaranteed to a criminal Defendant, The trial judge Deliberately, Intentionally, Knowingly, Maliciously, and Sadistically admitting in/on the trial record that the Petitioner - Appellant Lloyd T. Schuenke, was in fact innocent of the crime for which the Petitioner - Appellant Lloyd T. Schuenke, was criminally charged with committing, Deliberately, Intentionally, Knowingly, Maliciously, and Sadistically misinstructing the jury to find the Petitioner - Appellant Lloyd T. Schuenke, guilty of committing a crime for wherein which the Petitioner - Appellant Lloyd T. Schuenke, was never criminally charged with committing, Deliberately, Intentionally, Knowingly, Maliciously, and Sadistically allowing the jury to find the Petitioner - Appellant Lloyd T. Schuenke, guilty of a crime for which the Petitioner - Appellant Lloyd T. Schuenke, was never criminally charged with committing, Deliberately, Intentionally, Knowingly, Maliciously, and Sadistically sentencing a mentally ill committed citizen/patient to prison for being actually and legally innocent. Deliberately, Intentionally, Knowingly, Maliciously, and Sadistically refusing to give or provide the Petitioner - Appellant Lloyd T. Schuenke, who was/is indigent with a copy of the record's and transcript's so that the Petitioner - Appellant Lloyd T. Schuenke, could adequately, effectively, properly, and sufficiently litigate this situation while in custody to the best of the Petitioner - Appellant Lloyd T. Schuenke, ability in a pro se status.

It is the Petitioner - Appellant Lloyd T. Schuenke, contention that the convictions which are being called into question within this appeal were/are being imposed against the Petitioner - Appellant Lloyd T. Schuenke, in violation of certain

6

articles within the universal declaration of human rights, the Fourth (4th) Amendment of the United States Constitution, Fifth (5th) Amendment of the United States Constitution, Sixth (6th) Amendment of the United States Constitution, Eighth (8th) Amendment of the United States Constitution, Thirteenth (13th) Amendment of the United States Constitution, Fourteenth (14th) Amendment of the United States Constitution, Article I Section 2 of the Wisconsin State Constitution, Article I Section 6 of the Wisconsin State Constitution, Article I Section 11 of the Wisconsin State Constitution.

It is the Petitioner - Appellant Lloyd T. Schuenke, contention that because the trial judge in the State V.S. Schuenke, Trial Case Number 1991-CF-910151 (1991), Admitted that the Petitioner - Appellant Lloyd T. Schuenke, was in fact innocent of the charges that the Petitioner - Appellant Lloyd T. Schuenke, was criminally charged with during the trial the trial court lost both subject matter jurisdiction over the case as charged and personal jurisdiction over the Petitioner - Appellant Lloyd T. Schuenke, right then and there because no crime was/has been committed making both the verdict and sentence invalid.

It is the Petitioner - Appellant Lloyd T. Schuenke, contention that because the Petitioner - Appellant Lloyd T. Schuenke, was/is innocent of the 1991, criminal case the State of Wisconsin had absolutely no legal authority in criminally charging the Petitioner - Appellant Lloyd T. Schuenke, with the State V.S. Schuenke, Trial Case Number 2007-CF-6172 (2007), Case because the State of Wisconsin lacked both subject matter jurisdiction over the case as charged and personal jurisdiction over the Petitioner - Appellant Lloyd T. Schuenke, because no crime was/has been committed.

It is the Petitioner - Appellant Lloyd T. Schuenke, contention that because the Petitioner - Appellant Lloyd T. Schuenke, was/is innocent of the 2007, criminal case the State of Wisconsin had absolutely no legal authority in criminally charging the Petitioner - Appellant Lloyd T. Schuenke, as a habitual criminal in the State V.S. Schuenke, Trial Case Number 2008-CF-4503 (2008), case because the State of Wisconsin lacked both subject matter jurisdiction over the case as charged and personal jurisdiction over the Petitioner - Appellant Lloyd T. Schuenke, as a habitual criminal.

It is the Petitioner - Appellant Lloyd T. Schuenke, contention that neither the State judicial system or Federal judicial system within the State of Wisconsin should be allowed to use a jusidictional excuse to justify the prosecution and imprisonment of an innocent mentally ill committed citizen/patient.

Let the moral truth of the story be told it seems that both the State judicial system and Federal judicial system within the State of Wisconsin have adopted the blanket policy that it is perfectly all right, legal and normal to prosecute mentally

7

ill committed citizen/patient within the State of Wisconsin without having to be concerned or worried about any reprisal being available because congress has essentially removed all judicial laws off the books which has allowed for such conduct to be engaged in.

## CONCLUSION

WHEREFORE: The Petitioner - Appellant Lloyd T. Schuenke, would respectfully ask, request, and urge this honorable court to grant the request for a certificate of appealability in the interest of justice in order to resolve the very unique, but unusual jurisdictional issue which has developed within this case because of the significant, far reaching, present, and future denial of Due Process of Law and Equal Protection of Law rights which have been implicated within this case and possible future cases if not resolved.

Signed this 25TH day of SEPTEMBER 2014.

Respectfully Submitted,

*Lloyd T. Schuenke*

Lloyd T. Schuenke

Pro Se Petitioner - Appellant

Certified Paralegal

Oshkosh Correctional Institution

1730 W. Snell Rd. P.O. Box 3310

Oshkosh, Wi 54903 - 3310

Ph: 920-231-4010

E-Mail: Lloyd_Schuenke1971@Yahoo.Com

8