DOC NO

RECD/FILED

IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT   2016 JUL -5 PM 12: 15

Case No:_____

PETER OPPENEER
CLERK US DIST COURT
WD OF WI

LLOYD T. SCHUENKE                                    NOTICE OF APPEAL

CERTIFICATE OF APPEALABILITY

          Petitioner - Appellant

V.S.                                                 Case NO:_2014-CV-276_

JUDY P. SMITH

          Respondent - Appellee

---

## NOTICE

Notice is hereby given that the Petitioner – Appellant Lloyd T. Schuenke, Pro Se Certified Paralegal in the above named case hereby appeals to the United States Court of Appeals for the Seventh Circuit from both an order (Dkt.18) and judgment (Dkt.19) dismissing the petition for a Writ of Error Coram Nobis, Petition for a Writ of Habeas corpus entered in this action on the 26th day of August 2014, and from an order (46) denying post judgment relief entered on the 23rd day of June 2016, pursuant to Fed. R. Pro. 3, 22 and Title 28 U.S.C. 2253 (C), (1),(A),(B),(2),(3).

## QUESTION PRESENTED

Do Paragraph # 6 of the State V.S. Schuenke, 2014 WI APP 38, 2014 Wisc. APP. LEXIS 161 (WI APP 2014), and paragraph # 3 on page # 3 of the Schuenke V.S. Smith, 2014 U.S. Dist. LEXIS 118645 (W.D. WI 2014), violate the Double Jeopardy Clause, Due Process Clause and Equal Protection Clause of the United States Constitution?

## STATEMENT OF THE CASE

In January 1991, Petitioner - Plaintiff Lloyd T. Schuenke, was criminally charged with two (2) counts of third (3rd) degree sexual assault contrary to what is required pursuant to section § 940.225 (3) WIS STAT (1989-1990) (See State V.S. Schuenke, Case Number 1991-CF-910151). In December 2007, Petitioner - Plaintiff Lloyd T. Schuenke, was criminally charged with one (1) count of violation of sex offender registry pursuant to section § 301.45 (2),(3),(4),(6) WIS STAT (2005-2006) (See State V.S. Schuenke, Case number 2007-CF-6172). In September 2008, Petitioner - Plaintiff Lloyd T. Schuenke, was criminally charged with one (1) count of battery, One (1) count of substantial battery and one (1) count intimidation of victim all of which carried a while armed penalty enhancer and habitual criminality penalty enhancer contrary to what is required pursuant to sections § 939.62 (1),(a) § 939.62 (1),(b) § 939.63 (1),(a) § 939.63 (1),(c) § 940,19 (1) § 940.19 (2) § 940.44 (3) § 940.45 (1) WIS STAT (2007-2008) (See State V.S. Schuenke, Case Number 2008-CF-4503). In January 2013, Petitioner - Plaintiff Lloyd T. Schuenke, simultaneously filed post conviction relief motions in all three (3) cases asserting both actual and legal innocence. April 2014, Petitioner - Plaintiff Lloyd T. Schuenke, filed the petition for a Writ of Coram Nobis, petition for a Writ of Habeas Corpus in the United States District Court for the Western District of Wisconsin (See Schuenke V.S. Smith, Case Number 2014-CV-276). Dkt. 1. In June 2014, Petitioner - Plaintiff Lloyd T. Schuenke, exhausted all available State Court remedies on the issues presented in the Petition for a Writ of Coram Nobis, Petition for a Writ of Habeas Corpus to no avail. In July 2014, Petitioner - Plaintiff Lloyd T. Schuenke, filed a motion for a rule 4 screening determination decision and order with the Seventh (7th) Circuit Federal Court of Appeals (See Appeal # 14-2580).Dkt. 10.  In August 2014, Petitioner - Plaintiff Lloyd T. Schuenke, filed a Writ of Madamus with the Seventh (7th) Circuit Federal Court of Appeals (See Appeal # 14-2851).Dkt. 16. In August 2014, the United States District Court for the Western District of Wisconsin issued an opinion and order and judgment denying the petition for a Writ of Coram Nobis, petition for a Writ of Habeas Corpus. Dkt. 18, Dkt. 19. In September 2014, Petitioner - Plaintiff Lloyd T. Schuenke, filed a notice of appeal certificate of appealability with the Seventh (7th) Circuit Federal Court of Appeals (See Appeal # 14-3132). Dkt. 21. In December 2014, the Seventh (7th) Circuit Federal Court of Appeals ordered the appeal to proceed to a determination of whether a certificate of appealability should issue. In May 2015, the United States Court of Appeals for the Seventh (7th) Circuit issued an order denying the certificate of

appealability and motion to proceed in forma pauperis (See Appeal # 14-3132). Dkt. 36. In May 2015, Petitioner - Plaintiff Lloyd T. Schuenke, filed a Judicial Misconduct Complaint against District Judge James D. Peterson (See Complaint # 07-15-90038). Dkt. 34.  In January 2016, Petitioner - Plaintiff Lloyd T. Schuenke, filed a motion for relief in the United States District Court for the Western District of Wisconsin court. Dkt. 37. In January 2016, Petitioner - Plaintiff Lloyd T. Schuenke, filed an application for release in the Western District of Wisconsin court. Dkt. 38. In February of 2016, Petitioner - Plaintiff Lloyd T. Schuenke, filed a copy of a letter wherein which was sent to all of the attorneys who had involvement in the case to date. Dkt. 41. In March of 2016, Petitioner - Plaintiff Lloyd T. Schuenke, sent District Judge James D. Peterson, a letter asking him to resolve the pending motion. Dkt. 42. In March 2016, Petitioner - Plaintiff Lloyd T. Schuenke, filed a memorandum of law in the United States District Court for the Western District of Wisconsin. Dkt. 43. In March 2016, Petitioner - Plaintiff Lloyd T. Schuenke, filed an Amended Application for release. Dkt. 44. In May of 2016, Petitioner - Plaintiff Lloyd T. Schuenke, filed a copy of a letter which was sent to United States Attorney Loretta Lynch who requesting that a criminal investigation be initiated involving all of the above cases. Dkt. 45.

## STATEMENT OF THE FACTS

During the trial in the <u>State V.S. Schuenke</u>, Case Number 1991-CF-910151 (1991), the trial Judge admitted in the trial transcript that the Petitioner - Plaintiff Lloyd T. Schuenke, did in fact have consent to have a sexual relationship with the alleged perpetrated victim in this case. The sole basis for the Petitioner - Plaintiff Lloyd T. Schuenke, being criminally charged with one (1) count of violation of sex offender registry in the <u>State V.S. Schuenke</u>, Case Number 2007-CF-6172 (2007), case was because of the conviction in the <u>State V.S. Schuenke</u>, Case Number 1991-CF-910151 (1991), Case. The sole basis for the Petitioner - Plaintiff Lloyd T. Schuenke, being criminally charged with the habitual criminality penalty enhancer in the <u>State V.S. Schuenke</u>, Case Number 2008-CF-4503 (2008), Case was because of the conviction in the <u>State V.S. Schuenke</u>, Case Number 2007-CF-6172(2007), case.

## STANDARDS FOR ISSUANCE

In order for a certificate of appealability to be issued an appellant must show: (1) that but for a constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense, 28 U.S.C. 2244 (B),(ii),(2)., (2) that a substantial showing of a denial of a constitutional right is presented, 28 U.S.C. 2253 (C), (2), <u>Tennard V.S. Dretke</u>, 542 U.S. 274 (2004), (3) that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, <u>Miller - El V.S. Cockrell</u>, 537 U.S. 322 (2003), (4) that an

3

appeal has some merit to it, <u>Walker V.S. O'Brein</u>, 216 F.3d. 626 (7th Cir 2000)., and (5) the appellant need not show that he/she would be successful on the actual appeal.

UNITED STATES CONSTITUTIONAL PROVISIONS

AMENDMENT V

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law; nor shall private property ba taken for public use, without just compensation.

AMENDMENT VIII

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

AMENDMENT XIII

Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

AMENDMENT XIV

All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside, No State shall make or enforce any law which shall abridge the privilege or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the law.

WISCONSIN STATE CONSTITUTIONAL PROVISIONS

ARTICLE I SECTION 2

There shall be neither slavery, nor involuntary servitude in this State, otherwise than for the punishment of crime, whereof the party shall have been duly convicted.

ARTICLE I SECTION 6

Excessive bail shall not be required, nor shall excessive fine be imposed, nor cruel and unusual punishments inflicted.

ARTICLE I SECTION 8

No person may be held to answer for a criminal offense without due process of law, and no person for the same offense may be put twice in jeopardy of punishment, nor may be compelled in any criminal case to be a witness against himself or herself.

4

WISCONSIN STATE STATUTORY PROVISIONS

939.70 WIS. STAT.

No provision of chs. 939 to 951 shall be construed as changing the existing law with respect to presumption of innocence or burden of proof.

939.73 WIS. STAT.

A penalty for the commission of a crime may be imposed only after the actor has been duly convicted in a court of competent jurisdiction.

FACT GIVING RISE TO CONSTITUTIONAL VIOLATION

. On page # 51, of the July 31, 1991, trial transcript in the State V.S. Schuenke, Case Number 1991-CF-910151 (1991), case the judge in response to a motion to acquit/dismiss which was made by the Petitioner - Appellant Lloyd T. Schuenke, defense counsel once the State of Wisconsin rested its case in chief said "IN FACT AS I UNDERSTAND IT ON ITS FACE MS. LINDSEY CONSENTED".

MEMORANDUM OF LAW

Wisconsin State Criminal jury Instruction 1218 reads: "Third Degree Sexual Assault is defined in § 940.225 (3) of the criminal code of Wisconsin, is committed by one who has sexual intercourse with another person without consent. - Before you may find the defendant guilty of this offense, the state must prove by evidence which satisfies you beyond a reasonable doubt that the following two(2) elements were present. - 1. The defendant had sexual intercourse with the [alleged perpetrated victim]. 2. The [alleged perpetrated victim] did not consent to the sexual intercourse. - "Sexual intercourse" means any intrusion however slight of any part of a persons body or of any object into the genitals or anal of another emission of semen is not required. - "Did not consent" means that the [alleged perpetrated victim] did not freely agree to have sexual intercourse with the defendant. In deciding whether the [alleged perpetrated victim] did not consent you should consider what she said or did along with all the other facts and circumstances. This element does not require that the [alleged perpetrated victim] offered physical resistance. - If you are satisfied beyond a reasonable doubt that both elements of third (3rd)  degree sexual assault have been proved you should find the defendant guilty. If you are not satisfied you must find the defendant not guilty."

The In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d. 368 (1970), Court Held: "Expressions in many opinions of this court indicate that it has long been assumed that proof of criminal charge beyond a reasonable doubt is constitutionally required. See for example Miles V. United States, 103 U.S. 304, 312 (1881), Davis V. United States, 160 U.S. 469,488 (1895), Holt V. United States, 218 U.S. 245,253 (1910), Wilson V. United States, 232 U.S. 563, 569-570 (1914), Brinegar V. United States, 338 U.S. 160,174 (1949), Leland V. Oregon, 343 U.S. 790,795 (1952), Holland V. United States, 348 U.S. 121,138 (1954), Speiser V.Randall, 357 U.S. 513,525-526 (1958), CF Coffin V. United States, 156 U.S. 432 (1895)"

5

The United States V.S. Martin Linen Supply Co., 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d. 642 (1977), Court Held: "In applying this teaching of Ball, Fong Foo, and like cases, we have emphasized that what constitutes an "Acquittal" is not to be controlled by the form of the judges action. United States V.S. Sisson, Supra at 270, CF United States V.S. Wilson, 420 U.S. at 336. Rather we must determine whether the ruling of the judge whatever its label, actually represents a resolution, correct or not of some or all of the factual elements of the offense charged."

The Burks V.S. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d. 1 (1978), Court Held: "It is unquestionably true that the court of appeals decision "[represented] a resolution, correct or not, of some or all of the factual elements of the offense charged." United States V. Martin Linen Supply Co., 430 U.S 564, 571 (1977). By deciding that the government had failed to come foreword with sufficient proof of petitioners capacity to be responsible for criminal acts, that court was clearly saying that Burks criminal culpability had not been established. If the district court had so held in the first instance, as the reviewing court said it should have been entered and, of course, petitioner could not be retried for the same offense."

The Sanabria V.S. United States, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d. 43 (1978), Court Held: "We have recently defined an acquittal as "a resolution correct or not of some or all of the factual elements of the offense charged." Lee V. United States, 432 U.S. at 30 n. 8, quoting United States V. Martin Linen Supply Co., Supra at 571. Petitioner was found not guilty for a failure of proof on a key "factual element of the offense charged"; that he was "connected with" the illegal gambling business."

The United States V.S. Scott, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d. 65 (1978), Court Held: "A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal."

The Hudson V.S. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d. 30 (1981), Court Held: "The question in this case is whether Louisiana violated the double jeopardy clause as we expounded it in Burks V. United States, 437 U.S. 1 (1978), by prosecuting petitioner a second time after the trial judge at the first trial granted petitioners motion for new trial on the grounds that the evidence was insufficient to support the jury's verdict of guilt."

The Arizona V.S. Ramsey, 467 U.S. 203, 104 S.Ct 2305, 81 L.Ed.2d. 164 (1984), Court Held: "Reliance on an error of law, however does not change the double jeopardy effect of a judgment that amounts to an acquittal on the merits. "[the] fact that the acquittal may result from erroneous evidentiary rulings or erroneous interpretations of governing legal principals... affects the accuracy of that determination, but it does not alter its essential character." United States V. Scott, 437 U.S. 82,98 (1978), (quoting Id at 106 (BRENNAN, J., dissenting)).

6

The Smalis V.S. Pennsylvania, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d. 116 (1986), Court
Held: "First, a judgment that the evidence is legally insufficient to sustain a guilty verdict
constitutes an acquittal for purposes of double jeopardy clause. See e.g., United States V.
Martin Linen Supply Co., 430 U.S. 564 (1977), Burks V. United States, 437 U.S. 1 (1978), Sanabria
V. United States, 437 U.S. 54 (1978), United States V. Scott, 437 U.S. 82,91 (1978), (dicta);
Hudson V. Louisiana, 450 U.S. 40 (1981)."

The Smith V.S. Massachusetts, 543 U.S. 462, 125 S.Ct. 1129, 160 L.Ed.2d. 914 (2005), Court
Held: "But if the prosecution has not yet obtained a conviction, further proceedings to secure
one are impermissible; [s]ubjecting the defendant to postacquittal factfinding proceedings going
to guilt or innocence violates the double jeopardy clause." Smalis V. Pennsylvania, 476 U.S. 140,
145, 90 S.Ct. 116, 106 L.Ed.2d. 1745 (1986), and "When the judge in this case first granted
petitioners motion there had been no jury verdict. Submission of the firearm count to the jury
plainly subjecting petitioner to further "factfinding proceedings going to guilt or innocence"
prohibited by Smalis following an acquittal."

The Evans V.S. Michigan, 133 S.Ct. 1069, 185 L.Ed.2d. 124 (2013), Court Held: "Most relevant
here our cases have defined an acquittal to encompass any ruling that the prosecutions proof is
insufficient to establish criminal liability for an offense. See IbId., and n.11; Burks V. United
States, 437 U.S. 1, 10, 98 S.Ct 2141, 57 L.Ed.2d. 1 (1978), United States V. Martin Linen Supply
Co., 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d. 642 (1977). Thus an "acquittal" includes "a
ruling by the court that the evidence is insufficient to convict" a "factual finding [that]
necessarily establish[es] the criminal defendants lack of criminal culpability." And any other
rulin[g] which relate[s] to the ultimate question of guilt or innocence." And "Martin Linen,
Sanabriag, Ramsey, Smalis, and Smith all instruct that an acquittal due to insufficient evidence
precludes retrial, whether the courts evaluation of the evidence was "correct or not" Martin
Linen, 430 U.S. at 571, 97 S.Ct. 1349, 51 L.Ed.2d. 642, and regardless of whether the courts
decision flowed from an incorrect antecedent ruling of law."

The Martinez V.S. Illinois, 134 S.Ct. 2070, 188 L.Ed.2d. 1112, 2014 U.S. LEXIS 3613, 82
U.S.W.L. 4414 (2014), Court Held: "Here, there is no doubt that Martinez's jeopardy ended in a
manner that bars his retrial: the trial court acquitted him of the charged offense. "perhaps the
most fundamental rule in the history of double jeopardy jurisprudence has been that [a] verdict
of acquittal... could not be reviewed... without putting [a defendant] twice in jeopardy, and
thereby violating the constitution."" Martin Linen, Supra at 571, 97 S.Ct. 1349, 51 L.Ed.2d. 642.
and "Our cases have defined an acquittal to encompass any ruling that the prosecutions proof is
insufficient to establish criminal liability for an offense." Evans V. Michagan, 568 U.S.___,___,
133 S.Ct. 1069, 185 L.Ed.2d. 124, 130 (2013).

The <u>State V.S. Tarley</u>, 128 Wis.2d. 39, 381 N.W.2d. 309 (1986), Court Held: "It reiterated a rule developed in earlier cases which states that the form of the courts action does not control whether it constitutes an acquittal, it stated that the appellate court... "Must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not of some or all of the factual elements of the offense charged." And "According the court concluded that the judgments on review were acquittals in substance because the trial court based the rulings on its evaluation of the governments evidence and its determination that the evidence was legally insufficient to sustain a conviction."

<u>ARGUMENT IN SUPPORT</u>

It is the Petitioner – Appellant Lloyd T. Schuenke, contention that paragraph # 6, of the <u>State V.S. Schuenke</u>, 2014 WI APP 38, 2014 Wisc. App. LEXIS 161 (Unpub 2014), decision and paragraph # 3 on page # 3 of the <u>Schuenke V.S. Smith</u>, 2014 U.S. Dist LEXIS 118645 (W.D. WI 2014), decision are incorrect conclusions of law because if all of the above referenced legal authorities, constitutional amendments, instructions, and statutes would have been correctly applied, enforced, and followed in the <u>State V.S. Schuenke</u>, Case Number 1991-CF-910151 (1991), case at the exact time the judge made the above referenced admission on the trial record instead of after the sentence was completely served as what is exactly going on here the juries verdict, the entered judgment of conviction, and the imposed prison sentence would have never existed, meaning the State Appellate process would have never been made available to the Petitioner – Appellant Lloyd T. Schuenke, nor would have the Petitioner – Appellant Lloyd T. Schuenke, needed to' use the State Appellate process in this situation, meaning the criminal charge filed, the plea entered by the Petitioner – Appellant Lloyd T. Schuenke, the judgment of conviction, and the imposed prison sentence in the <u>State V.S. Schuenke</u>, Case Number 2007-CF-6172 (2007), would have never existed, meaning that the habitual criminality penalty enhancer in the <u>State V.S. Schuenke</u>, Case Number 2008-CF-5403 (2008), case would have never existed.

Petitioner – Appellant Lloyd T. Schuenke, would further contend that the rule 60 motion is not a second (2nd) or successive Habeas petition as insinuated. Furthermore the rule 60 motion was not "an attack on this (District Court) court's determination of the merit's of his Habeas claim." As insinuated. Dkt 46. The whole purpose for the Petitioner – Appellant Lloyd T. Schuenke, using the rule 60 motion option was to force the District Court into correcting it's abuse of discretion by making it address the actual merit's of the Petitioner – Appellant Lloyd T. Schuenke, Habeas petition itself.

On page # 2, of Dkt 18, the District Court said, "he argued that his purported sexual assault victim had consented to intercourse." On page # 11, footnote # 7, of Dkt 1, it says, "the trial judge on page number 51, of the July 31, 1991, trial transcript in the <u>State V.S. Schuenke</u>, Case Number 1991-CF-910151 (1991), said, "<u>IN FACT AS I UNDERSTAND IT ON IT'S FACE MS. LINDSEY ACTUALLY</u>

8

CONSENTED." This contradicts footnote # 5." Footnote # 5, on page # 9, of Dkt 1, it says, "whoever has sexual intercourse with a person without the consent of that person is guilty of a class D felony" WIS. STAT. § 940.225 (3) (1989-1990)."

Based on what is being described above, the Petitioner - Appellant Lloyd T. Schuenke, did not "argue" anything as alluded to by the District Court, what the Petitioner - Appellant Lloyd T. Schuenke, did was inform the District Court about what the judge said by quoting the trial transcript.

If we examine the above referenced conflict in light of the above referenced legal precedence the Petitioner - Appellant Lloyd T. Schuenke, should have never been convicted of the crime charged in the State V.S. Schuenke, Case Number 1991-CF-910151 (1991), case because the State of Wisconsin did not prove the second (2nd) element of Wisconsin State Criminal Jury Instruction 1218, beyond a reasonable doubt.

On page # 2, of Dkt 1, the District Court said, "the Milwaukee County Circuit Court denied petitioner's motion, stating that the challenge to the 1991 conviction was barred because petitioner could have raised it in an earlier post conviction motion or on direct appeal, and because petitioner's sentence in that case had already expired." The Petitioner - Appellant Lloyd T. Schuenke, asserts that Dkt 1, Dkt 34, refute the above statement as being a bold face lie which was made by the District Court in order to booster the State Appellate Court opinion.

Under these standards the District Court not only abused its discretion, it also did not even come anywhere close to addressing the actual merit's of the Habeas petition itself.

### CONCLUSION

WHEREFORE: In light of the afore mentioned revelations the Petitioner - Appellant Lloyd T. Schuenke, would respectfully ask, beg, plead, request, and urge that a certificate of appealability be issued in this appeal in order to correct the manifest of injustice which has occurred.

Signed this 28th day of JUNE 2016.

Respectfully Submitted,

*Lloyd T. Schuenke*

Lloyd T. Schuenke
Pro Se Petitioner - Plaintiff
Certified Paralegal
Oshkosh Correctional Institution
1730 W. Snell Rd. P.O. Box 3310
Oshkosh, WI 54903 - 3310
PH: 920-231-4010

9